UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-24577-Civ-WILLIAMS/TORRES

RENE MESA,

       Plaintiff,

v.

PENNSYLVANIA HIGHER
EDUCATION ASSISTANCE *et al*,

       Defendants.
_____/

## ORDER DENYING CONSERVE'S MOTION TO STAY DISCOVERY

This matter is before the Court on Continental Service Group, Inc. and Conserve-Arm's (collectively, "Conserve") motion to stay discovery ("Motion") [D.E. 92] pending the outcome of two motions to dismiss.[1] [D.E. 42, 45]. Rene Mesa[2] ("Plaintiff") responded to Conserve's Motion on August 3, 2017 [D.E. 93] to which Conserve replied on August 7, 2017. [D.E. 94]. Therefore, Conserve's Motion is now ripe for disposition. After careful consideration of the Motion, response, reply, relevant authority, and for the reasons discussed below, Conserve's Motion is **DENIED**.

---

[1] Although this Motion was filed solely by Conserve, all defendants consented to the relief requested.

[2] Plaintiff is representing himself *pro se* in this action.

1

## I. BACKGROUND

On April 14, 2017, Plaintiff filed his Third Amended Complaint [D.E. 38] for damages pursuant to unlawful debt collection practices in violation of the Fair Debt Collection Practices Act, the Florida Consumer Collection practices Act, and the Fair Credit Reporting Act. [D.E. 38]. Plaintiff alleges that all of the defendants in this case engaged in deceptive conduct through several misrepresentations that led to significant financial injury, severe humiliation, and emotional distress. These misrepresentations were allegedly made to Plaintiff in phone calls with FedLoan, Continental Service Group, Inc., and Conserve-Arm. As such, Plaintiff seeks actual, compensatory, and punitive damages for defendants' alleged violations.

On April 7, 2017, the Court granted two motions to dismiss without prejudice. [D.E. 27, 29]. Plaintiff was then granted leave to file a Third Amended Complaint on or before April 26, 2017. [D.E. 37]. On April 24, 2017, Plaintiff filed a Third Amended Complaint again alleging violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Florida Consumer Collection Practices Act, and common law slander. Thereafter, Conserve filed a motion to dismiss the Third Amended Complaint for failure to state a claim. [D.E. 42].

On July 12, 2017, Conserve alleges that Plaintiff, without conferring with defense counsel, filed a proposed Scheduling Report. On July 18, 2017, Plaintiff allegedly stated that he would immediately serve discovery requests on all defendants. In light of the procedural posture, Conserve states that the Third Amended Complaint makes the same allegations to prior iterations of Plaintiff's

complaints and that discovery should be stayed until the Court rules on the two pending motions to dismiss that are ripe for adjudication.

## II. ANALYSIS

The basis of Conserve's Motion to stay is two-fold. First, Conserve argues that it is burdensome and unnecessary to require defendants to expend time and costly resources to conduct discovery on a matter that has previously been disposed of under nearly identical factual allegations. Second, in the event either of the two motions to dismiss are granted, Conserve contends that the action will be disposed in its entirety for two defendants. As such, Conserve suggests that a motion to stay is warranted to reduce costs and conserve judicial resources.

The thrust of Plaintiff's response is that discovery in this action should move forward because the two pending motions to dismiss, even if granted, would not dispose of the entire action. Plaintiff also alleges that he has already been unduly prejudiced by a substantial delay in this litigation and that Conserve has presented no persuasive reason why discovery should not proceed. As such, Plaintiff believes that to stay discovery would delay the discovery necessary for the parties to reach a resolution on the remaining issues in this case.

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for

3

litigants."); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."). Additionally, "[m]atters pertaining to discovery are committed to the sound discretion of the district court." *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990).

To prevail on a motion to stay, Conserve must demonstrate reasonableness and good cause. "While overall stays of discovery may be rarely granted, courts have held good cause to stay discovery exists wherein 'resolution of a preliminary motion may dispose of the *entire action*.'" *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla.), *aff'd*, 87 F. App'x 713 (11th Cir. 2003) (emphgasis added) (quoting *Association Fe Y Allegria v. Republic of Ecuador,* 1999 WL 147716 (S.D.N.Y. Mar. 16, 1999)); *see also Patterson,* 901 F.2d at 927 (holding district court did not abuse its discretion by staying discovery where pending dispositive motions gave court enough information to ascertain further discovery not likely to produce a genuine issue of material fact); *Feldman v. Flood,* 176 F.R.D. 651 (M.D. Fla. 1997) (holding stay of discovery not appropriate unless pending dispositive motion would dispose of entire action); *Spencer Trask Software and Information Services, LLC v. Rpost International Limited,* 206 F.R.D. 367 (S.D.N.Y. 2002) (holding good cause for discovery stay exists where dispositive motion has been filed and stay is for short time period that does not prejudice opposing party); *Simpson v. Specialty Retail*

4

*Concepts, Inc.,* 121 F.R.D. 261 (M.D.N.C. 1988) (setting up balancing test for stays of discovery).

"In evaluating whether the moving party has met its burden, a court 'must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and *entirely* eliminate the need for such discovery.'" *Bocciolone v. Solowsky*, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (emphasis added) (quoting *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)). This means that courts generally take a "preliminary peek at the merits of [the] dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Feldman,* 176 F.R.D. at 652-53. It is also well established that a stay is rarely granted unless resolution of the motion will dispose of the entire case. *See Gibbons v. Nationstar Mortg. LLC*, 2015 WL 12840959, at *1 (M.D. Fla. May 18, 2015) ("Overall, stays of discovery are seldom granted, but courts have held that good cause to stay discovery exists when resolution of a dispositive motion may dispose of the entire action.") (citing *Patterson*, 901 F.2d at 929 (holding that the district court did not abuse its discretion by staying discovery where a pending dispositive motion gave the court enough information to ascertain that further discovery was not likely to produce a genuine issue of material fact); *Feldman*, 176 F.R.D. at 652–53 (holding that a stay of discovery was not appropriate where pending motion to dismiss was not case dispositive)).

Here, the most persuasive reason why Conserve's Motion must fail is because the two pending motions to dismiss would not end this action in its entirety. Courts

in our Circuit have made clear that motions to stay are only appropriate when a dispositive motion raises threshold legal issues that may dispose of a plaintiff's *entire* claim. *See, e.g. Safeco Ins. Co. of Am. v. Amerisure Ins. Co.*, 2014 WL 12621558, at *1 (M.D. Fla. Sept. 9, 2014) ("Where a preliminary motion may dispose of the entire action, a court has good cause to stay the case pending resolution of the dispositive motion.") (citations omitted).

Even if the Court was to grant the two pending motions to dismiss, the remaining defendants would still be a part of this litigation. *See Corbin v. Affiliated Computer Serv., Inc.*, 2013 WL 3322650, at *1 (M.D. Fla. July 1, 2013) (a stay of all discovery pending resolution of a motion "is rarely appropriate where resolution of the motion will not dispose of the entire case"). And Conserve presents no persuasive argument as to why discovery should be stayed when it would merely delay the discovery that the remaining defendants will need to produce. While we recognize the desirability of defendants to eliminate costs whenever possible, this action does not present an appropriate opportunity to do so. In conclusion, Conserve has not met its burden to justify the requested relief and therefore its Motion to stay must be **DENIED**.

## III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Conserve's Motion to stay discovery pending the outcome of two motions to dismiss [D.E. 92] is **DENIED**.[3]

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of August, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[3] We note that on the docket, it appears that Plaintiff misfiled his response in opposition as a motion to stay discovery. Because Plaintiff obviously opposes a motion to stay discovery, Plaintiff's motion is **DENIED as moot**.