UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-24577-Civ-WILLIAMS/TORRES

RENE MESA,

      Plaintiff,

v.

PENNSYLVANIA HIGHER
EDUCATION ASSISTANCE *et al*,

      Defendants.

_____/

## ORDER GRANTING FEDLOAN'S MOTION
## TO CONDUCT CONFERENCES BY EMAIL

This matter is before the Court on Pennsylvania Higher Education Assistance Agency d/b/a FedLoan Servicing's ("FedLoan") motion for an order authorizing conferences to be conducted via email ("Motion") against Rene Mesa[1] ("Plaintiff"). [D.E. 91]. Plaintiff responded to FedLoan's Motion on August 3, 2017 [D.E. 93] to which FedLoan replied on August 7, 2017. [D.E. 95]. Therefore, FedLoan's Motion is now ripe for disposition. After careful consideration of the Motion, response, reply, relevant authority, and for the reasons discussed below, FedLoan's Motion is **GRANTED**.

---

[1]     Plaintiff is representing himself *pro se* in the action.

1

## I. BACKGROUND

On April 14, 2017, Plaintiff filed his Third Amended Complaint [D.E. 38] for damages pursuant to unlawful debt collection practices in violation of the Fair Debt Collection Practices Act, the Florida Consumer Collection practices Act, and the Fair Credit Reporting Act. [D.E. 38]. Plaintiff alleges that all of the defendants engaged in deceptive conduct through several misrepresentations that led to significant financial injury, severe humiliation, and emotional distress. These misrepresentations were allegedly made to Plaintiff in phone calls with FedLoan, Continental Service Group, Inc., and Conserve-Arm. As such, Plaintiff seeks actual, compensatory, and punitive damages for defendants' alleged violations.

## II. ANALYSIS

The purpose of FedLoan's Motion is to avoid any potential future misunderstandings or miscommunications between Plaintiff and defendants that might occur in phone conferences. Specifically, FedLoan seeks to conduct nay conferences with Plaintiff that may be required by the Federal or Local Rules, including scheduling conferences and good faith conferences to be conducted via email. FedLoan believes that allowing counsel for the defendants to conduct conferences with Plaintiff by email will also minimize the risk that any communications are construed as legal advice to Plaintiff. Because this action arose due to alleged misrepresentations with Plaintiff in phone calls, FedLoan suggests that the parties correspond via email to avoid any future misunderstandings.

Plaintiff's response is largely directed to opposing a separate motion to stay discovery that defendants filed in this case. The only substantive response from Plaintiff – in connection with the motion to conduct conferences via email – is that Plaintiff believes that he should not be required to accept service of motions by email. However, Plaintiff appears to misunderstand the relief sought in FedLoan's Motion because FedLoan specifically indicated in a footnote that its Motion was limited to conferences and not sought for the service of motions, pleadings, discovery, or other papers.

FedLoan argues in reply that Plaintiff's response is precisely the type of misunderstanding that FedLoan seeks to avoid and purportedly justifies the relief sought in its Motion. FedLoan also contends that attorney communications with *pro se* litigants are particularly susceptible to misunderstandings, especially oral communications that require a certain level of expertise. Therefore, in order to avoid any potential future misunderstandings or miscommunications, FedLoan suggests that the parties be allowed to conduct any conferences by email or other written means.

FedLoan's arguments are well taken. The complaint in this case is based primarily on representations and statements that defendants made in phone calls with Plaintiff. And FedLoan has adequately shown that the most prudent way to possibly avoid any future misunderstandings, especially with a *pro se* litigant, is to

authorize the parties' to communicate via email or other written means in conducting any conferences. As such, FedLoan's Motion is **GRANTED**.[2]

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that FedLoan's Motion for an order authorizing conferences to be conducted via email [D.E. 91] is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of August, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[2] This Order does *not* apply to the service of motions, pleadings, discovery, or other papers – only conferences that are required under the Federal or Local Rules.