UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-Civ-24577-WILLIAMS/TORRES

RENE MESA,

    Plaintiff,

v.

PENNSYLVANIA HIGHER
EDUCATION ASSISTANCE *et al.*,

    Defendants.

_____/

### ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter is before the Court on Rene Mesa's ("Plaintiff") motion for reconsideration of the Court's Order granting Experian Information Solutions, Inc.'s ("Experian") motion to compel responses to discovery requests and motion for sanctions, which were argued at a discovery hearing on December 8, 2017. [D.E. 160]. Experian responded to Plaintiff's motion on January 18, 2018 [D.E. 166] to which Plaintiff did not reply. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, relevant authority, and for the reasons discussed below, Plaintiff's motion for reconsideration is **GRANTED**.

### *I. BACKGROUND*

Plaintiff filed this action on November 2, 2016 alleging that defendants violated the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices

1

Act (the "FDCPA"), and the Florida Consumer Collection Practices Act ("FCCPA"). [D.E. 1]. On January 17, 2016, Plaintiff filed an amended complaint. On April 6, Plaintiff filed a notice of voluntary dismissal as to James Preston, Melissa Hannum, Matthew Sessa, Brett Employee Number 612773, Mark E. Davitt, Richard Klein, and Pamela D. Baird. [D.E. 36]. The following day, the Court granted all of the remaining defendants' motions to dismiss without prejudice because (1) Plaintiff failed to file any responses in opposition, and (2) dismissal was proper based on the merits of defendants' arguments. [D.E. 37]. As such, Plaintiff was granted leave to file a third amended complaint, which Plaintiff filed on April 14, 2017. [D.E. 38].

## II. APPLICABLE PRINCIPLES AND LAW

"Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1342 (S.D. Fla. 2007) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (internal quotation marks omitted)); *see also Smith v. Ocwen Financial*, 488 Fed.Appx. 426, 428 (11th Cir. 2012) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact.")). Newly raised arguments that should have been raised in the first instance are not appropriate on a motion for reconsideration. *See Gougler v. Sirius Prods., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005).

A motion for reconsideration should also not be used as a vehicle to reiterate arguments previously made because "[i]t is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly." *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) (internal formatting omitted)). If a motion merely submits previously rejected arguments, those motions are generally denied. *See Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 687 F. Supp. 2d 1322, 1324 (S.D. Fla. 2009) (quoting *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1268 (N.D. Ala. 2006) (noting that "motions to reconsider are not a platform to relitigate arguments previously considered and rejected")). "[However], [a] motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine*, 808 F. Supp. at 1563 (internal formatting and citation omitted).

Generally speaking, motions for reconsideration are considered an "extraordinary remedy" and subject to a district court's substantial discretion. *See Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369-70 (S.D. Fla. 2002) (citing *Am. Home Assur. Co. v. Glenn Estess &*

*Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)) ("District court decisions on motions for reconsideration are reviewed for abuse of discretion, thus affording the courts with substantial discretion in their rulings.").

### *III. ANALYSIS*

Plaintiff's motion seeks reconsideration of the Court's Order entered on December 12, 2017 that granted Experian's motion to compel and granted in part Experian's motion for sanctions. [D.E. 147]. Plaintiff requests a re-hearing and a stay of the Order on the basis that he is a *pro se* litigant that never received proper notice of when the matter would be heard before the Court. Plaintiff claims that around 10:43 am on December 8, 2017 (after the discovery hearing took place), Experian called Plaintiff to inform him that the time of the discovery hearing was changed and that Experian's motions were granted due to Plaintiff's failure to appear. Plaintiff alleges that neither Experian nor the Court forwarded any time change of the hearing to Plaintiff and that – as a *pro se* litigant – he never received any electronic notice of the time change via CM/ECF. Because the discovery hearing took place without Plaintiff and there was no notice informing Plaintiff of the time change on the Court's discovery calendar, Plaintiff suggests that his due process rights have been violated as a result of improper notice. Therefore, Plaintiff requests that the Court re-consider the discovery dispute on the merits and that the prior Order be stayed or vacated pending final disposition.

In response, Experian argues that Plaintiff received proper notice because when the Court changed the time of the hearing to 9:15 am on December 8, 2017,

the notice reflected that the time change had been sent to Plaintiff at his home address. [D.E. 166-1]. Experian also contends that Plaintiff's motion rings hollow because Plaintiff informed Experian that he intended to serve the requested documents on January 15, 2017 – thereby suggesting that Plaintiff was in violation of the Court's Order. Because Plaintiff received proper notice and acknowledged that he was in violation of the Court's Order, Experian concludes that Plaintiff's motion lacks merit and should be denied.

On November 16, 2017, Experian filed a notice of hearing indicating that a discovery hearing would take place on December 8, 2017 at 1:30 pm. [D.E. 105]. On December 5, 2017, the Court issued a time change to the Court's discovery calendar reflecting that the hearing would take place on the morning of December 8, 2017 at 9:15 am. Given that the time change was entered three days before the discovery hearing took place, Plaintiff presents a persuasive reason on why he did not attend the discovery hearing on the morning of December 8, 2017. In other words, it is possible that the notice mailed to Plaintiff's home address did not timely inform Plaintiff of the time change. And Plaintiff has also presented a convincing reason on why he failed to appear for the originally scheduled 1:30 pm discovery calendar because Experian contacted Plaintiff shortly after the morning hearing to inform him that Experian's motions were already granted.

Therefore, we find that – in the interests of justice – Plaintiff should be entitled to present his arguments on the merits regarding his responses to Experian's discovery requests. Plaintiff shall have ten (10) days from the date of

this Order to file any response on why his discovery responses to Experian's interrogatories and requests for production are not inadequate or incomplete. Experian shall then have seven (7) days from the date of Plaintiff's response to file any reply in support thereof. In the interim, the Court's Order granting Experian's motion to compel and granting in part Experian's motion for sanctions is stayed pending final disposition. To this extent, Plaintiff's motion for reconsideration is **GRANTED**.

## *IV. CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion for reconsideration [D.E. 160] is **GRANTED**. Plaintiff shall file a response in opposition to Experian's motion to compel and motion for sanctions within ten (10) days from the date of this Order. Experian shall then have seven (7) days from the date of Plaintiff's response to file any reply in support thereof. In the interim, the Court's Order granting Experian's motion to compel and granting in part Experian's motion for sanctions is stayed pending final disposition.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of January, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge